IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| LILLYANA RODRIGUEZ, on behalf of herself and all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 3:25-cv-00693-B-BT |
| 3CS2 LLC d/b/a THE BACK PORCH and KEN STRICKLER, | § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

At the conclusion of the January 6, 2026, hearing on Plaintiff Lillyana Rodriguez's (1) Motion to Compel Written Discovery Responses (ECF No. 19), (2) Motion to Compel Deposition and for Sanctions Due to Deponent's Failure to Appear (ECF No. 22), and (3) Motion to Extend Scheduling Order Deadlines (ECF No. 24) (collectively, the "Motions"), Plaintiff's counsel requested that the Court strike Defendants 3CS2 LLC d/b/a The Back Porch and Ken Strickler's Answer as a sanction for their failure to participate in this case. For the following reasons, the Court should **GRANT** Plaintiff's request and direct the Clerk to **STRIKE** Defendants 3CS2 LLC d/b/a The Back Porch and Ken Strickler's Answer (ECF No. 14) and **ENTER** default against both Defendants.

1

## *Background*

Plaintiff Lillyana Rodriguez, a server, filed this class action under the Fair Labor Standards Act (FLSA) against her former employer 3CS2 LLC d/b/a The Back Porch (The Back Porch) and former manager Ken Strickler (collectively, the "Defendants"). Plaintiff alleges that Defendants "improperly kept tips earned by Plaintiff and the putative collective action members and shared those tips with non-tipped employees," "failed to provide . . . the required FLSA notice prior to using a tip credit payment system," and "failed to pay . . . at least the FLSA minimum hourly wage rate[.]" Am. Compl. at 2–3, ¶¶ 4–13 (ECF No. 11).

Defendants initially appeared in this action through counsel and filed an Answer to Plaintiff's Amended Complaint on July 24, 2025. *See generally* Answer (ECF No. 14). However, Defendants' counsel moved to withdraw from this mater, citing Defendants' failure to substantially fulfill "an obligation to the Firm . . . including an obligation to pay the Firm's fee as agreed." Unopposed Sec. Mot. to Withdraw at 1, ¶ 2 (ECF No. 17). The Motion to Withdraw also mentions Defendants' unresponsiveness as a justification for withdrawal, stating that "Defendants have not been responsive to [their attorneys] regarding strategy and pending matters in this case." *Id*. at 2–3, ¶¶ 4–5, 8. In fact, Defendants' former counsel was "unable to obtain Defendants' signatures . . . because Defendants were not responsive[.]" *Id*. at 3, ¶ 10.

Pursuant to Northern District of Texas Local Civil Rule 83.12(a), the Motion to Withdraw sets forth the name, address, and telephone number of Defendants as

counsel did not know the succeeding attorney. *Id.* at 3, ¶ 9. The District Judge granted the Motion to Withdraw. *See generally* Order (ECF No. 18). And in the same Order, the District Judge informed The Back Porch that, as an entity, it cannot proceed *pro se* and ordered The Back Porch to "appoint new counsel by or before December 12, 2025, or show cause, in writing, why it has failed to find new representation." *Id.* at 1. To date, The Back Porch has neither obtained new counsel nor shown cause for its failure to do so. Although the Court has attempted to communicate with Defendants, all mail to Defendants has been returned as undeliverable. *See* Mail Returned (ECF Nos. 26, 27, 28, 29, 30, 32, & 33).

After the District Judge granted the Motion to Withdraw, Plaintiff moved to compel responses to her written discovery requests and a Rule 30(b)(6) deposition after Defendants failed to supplement their deficient discovery responses, designate a corporate representative, and appear at the scheduled deposition. *See generally* Pl.'s Mot. to Compel Written Disc. (ECF No. 19); Pl.'s Mot. to Compel Depo. (ECF No. 22). Defendants did not respond to the Motions, even after they were ordered to do so by the Court. *See* Order Setting Hearing (ECF No. 31) ("The Court **ORDERS** Defendants to file a written response to Plaintiff's Motions on or before **December 22, 2025**.") (emphasis in original). The undersigned set the Motions for hearing on January 6, 2026, at 1:30 PM. *Id.* Despite Plaintiff's considerable efforts to serve Defendants with the Court's Order Setting Hearing, Defendants did not appear. *See* Pl.'s Status Report Re Service (ECF No. 34)

(detailing efforts to serve the Court's Order Setting Hearing on Defendants, including email, shipment to numerous addresses, and personal service).

## Legal Standards and Analysis

After review of the record, and as stated at the conclusion of the hearing on January 6, 2026, the Court recommends striking Defendants' Answer and directing the Clerk to enter a default against both Defendants.

### Strickler's Discovery Violations

Federal Rule of Civil Procedure 37 allows a district court to impose a variety of sanctions for not obeying discovery orders, including striking pleadings in whole or in part and rendering a default judgment. Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi). The purpose of these sanctions is to ensure the effectiveness of the discovery process. *Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1126 (5th Cir. 1970). "A district court has 'broad discretion in all discovery matters', and 'such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse.'" *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (quoting *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982)). This broad discretion extends to the imposition of discovery sanctions. *See Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 315–16 (5th Cir. 2013).

For a court to impose "litigation-ending sanctions" under Rule 37, the Fifth Circuit directs courts to make four findings:

> (1) the discovery violation was committed willfully or in bad faith; (2) the client, rather than counsel, is responsible for the violation; (3) the

4

violation substantially prejudiced the opposing party; and (4) a lesser sanction would not substantially achieve the desired deterrent effect.

*Calsep A/S v. Dabral*, 84 F.4th 304, 311 (5th Cir. 2023) (cleaned up); *see also Fazeli v. Saleh*, 2018 4539093, at \*2 (N.D. Tex. Sept. 21, 2018) (Boyle, J.) ("A default judgment or dismissal under Rule 37(b) requires a clear record of delay or contumacious conduct.") (cleaned up). When these factors are met, "the court may enter default judgment against the defendant under Rule 55." *Fazeli*, 2018 WL 4539093, at \*2. Although considered a "draconian" remedy of "last resort," courts may enter default to "deter litigants from flouting discovery orders in the future." *U.S. For Use of M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

Here, the record presents clear evidence of Strickler's willful refusal to comply with Court orders and participate in the discovery process. Since his counsel withdrew, Strickler has failed to respond to Plaintiff's Motion to Compel Written Discovery and failed to appear at the January 6 hearing in direct contravention of the Court's order. *See* Order Setting Hearing (ECF No. 31); *Sprint Sols., Inc. v. Taylor*, 2015 WL 4100059, at \*2 (N.D. Tex. July 6, 2010) (Lynn, J.) (stating that party's failure to appear at status conference without reason "justifies the imposition of harsh sanctions"). Strickler also allegedly "told [the restaurant manager at his workplace] to attempt to refuse service" of the Court's Order Setting Hearing. *See* Pl.'s Status Report Re Service at 4, ¶ 3(a) (ECF No. 34); *Henderson v. Fenwick Prot. Inc.*, 2015 WL 5165134, at \*5 (N.D. Tex. Sept. 2, 2015) (Lynn, J.)

(considering efforts to locate defendant, failure to answer discovery requests, and apparent evasion of service when striking defendant's answer).

Further, the Motion to Withdraw filed by Strickler's attorney makes it clear that Strickler himself is responsible for his unresponsiveness. Indeed, Strickler's counsel recounts 17 instances in which Defendants failed to respond to counsel's communications regarding discovery, and counsel was even unable to obtain Strickler's signature on the Motion to Withdraw because he was not responsive. Sec. Mot. to Withdraw at 2–3, ¶¶ 4(a)–(k), 10 (ECF No. 17); *Henderson*, 2015 WL 5165134, at *5 (noting that unresponsive party's counsel sought to withdraw due to client's failure to communicate).

Furthermore, severe sanctions are appropriate here because "[Strickler] ha[s] provided neither an acceptable reason for [his] non-compliance, nor an indication that [he] will respect Court orders in the future." *OrganiCure Bio-Tec Co., Ltd. v. Asialink Enter. Group Corp.*, 2012 WL 13027061, at *3 (N.D. Tex. June 7, 2012) (Godbey, J.) (quoting *Arrendondo v. Flores*, 2008 WL 4414308, at *10 (S.D. Tex. 2008)); *see also Calsep A/S*, 84 F.4th at 316 ("Courts have not required deep consideration of alternatives when it's plain that a lesser sanction wouldn't have done the trick.").

The Court finds that Strickler's failure to follow the Court's orders and participate in discovery is willful, he appears to be unbothered by the threat of sanctions, and Strickler himself is responsible for his unresponsiveness rather than his previous counsel. Furthermore, no lesser sanction would ameliorate the

prejudice to Plaintiff who has been entirely unable to prosecute her lawsuit in the face of Strickler's refusal to cooperate in discovery. The Court warned Strickler that failure to comply with the Court's orders "may result in the imposition of sanctions, including striking Defendants' answer and permitting Plaintiff to seek a default judgment against Defendants." Order Setting Hearing at 2 (ECF No. 31); *see also* *Vikas WSP, Ltd. v. Econ. Mus Prods. Co.*, 23 F.4th 442, 455–56 (5th Cir. 2022) (indicating that the court should warn litigant of potential severe sanction). Accordingly, the appropriate sanction for Strickler's discovery violations is an order striking Strickler's Answer and directing the entry of default.

*The Back Porch's Failure to Retain Counsel*

In federal court, a corporation is not permitted to proceed *pro se. Donovan v. Rd. Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) ("The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'") (quoting *K.M.A., Inc. v. Gen. Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982)). "The rationale for this long-standing rule applies equally to 'all artificial entities,' such as partnerships and associations." *Doe v. Compact Info. Sys., Inc.*, 2017 WL 3394584, at *2 (N.D. Tex. July 14, 2017) (Ramirez, J.) (quoting *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993)), *adopted by*, 2017 WL 3405522 (N.D. Tex. Aug. 7, 2017) (Lynn, J.). "As a cross between a corporation and a partnership, a limited liability company is also an artificial entity that may only appear in federal court through licensed counsel." *Id.* (collecting cases).

7

"[T]he appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). "The [court] might, inter alia, admonish the corporation that it cannot proceed without counsel, order the corporation to retain counsel within a certain period of time (the appropriate amount of time also being within the judge's discretion), or dismiss the case[.]" *Id.* at 873, n.5. When a corporation declines to hire counsel to represent it, the court may properly dismiss its claims, if it is a plaintiff, or strike its defenses, if it is a defendant. *See Donovan*, 736 F.2d at 1005 (holding that district court properly struck defenses of corporate defendant that refused to hire counsel). Some "courts have found default judgment to be the appropriate remedy when a corporation fails, after court warning, to appoint counsel." *Adonai Commc'ns, Ltd. v. Awstin Invs., L.L.C.*, 2012 WL 899271, at *1–2 (N.D. Tex. Mar. 16, 2012) (Lindsay, J.) (citing *PalWeb Corp. v. Vimonta AG*, 2003 WL 21992488, at *1 (N.D. Tex. Aug. 19, 2003) (Solis, J.) and *Mount Vernon Fire Ins. Co. v. Obodoechina*, 2009 WL 424326, at *1 (S.D. Tex. Feb. 19, 2009)).

Plaintiff is entitled to an order striking The Back Porch's Answer and directing the entry of default because it has failed to retain counsel after multiple warnings that it must do so. As an LLC, The Back Porch must be represented by counsel in this lawsuit. The Court informed Defendants of this fact in two orders. *See* Order (ECF No. 18) ("[The Back Porch] cannot proceed *pro se*."); Order Setting Hearing at 2, n.2 (ECF No. 31) (reminding The Back Porch of its obligation to

8

appoint new counsel). And the Court specifically warned The Back Porch that "[f]ailure to comply . . . may result in the imposition of sanctions, including striking Defendants' answer and permitting Plaintiff to seek a default judgment against Defendants." Order at 2 (ECF No. 31). However, The Back Porch has yet to retain counsel or participate in this lawsuit since the withdrawal of counsel.

Because The Back Porch has failed to obtain counsel—even though it cannot proceed in this lawsuit without counsel and despite the Court's warnings—the Court should strike The Back Porch's Answer and direct the entry of default.

*Attorney's Fees and Costs*

Rule 37 provides that in addition to sanctions under Rule 37(b)(2)(A)(i)–(vi), the court must order the disobedient party "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). "The United States Supreme Court has defined 'substantially justified' to mean justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person. 'Substantial justification' entails a reasonable basis in both law and fact, such that there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Heller v. City of Dallas*, 303 F.R.D. 466, 477 (N.D. Tex. 2014) (cleaned up).

The Court finds that Defendants' unresponsiveness and failure to cooperate in the discovery process is not substantially justified. Further, the Court finds that no other circumstances make an award of expenses unjust. Defendants have not

9

proffered any reason for their failure to participate in the discovery process, and therefore Plaintiff is entitled to attorney's fees and costs associated with Defendants' discovery failures. *Schiff v. Ward*, 2022 WL 18587806, at \*3 (N.D. Tex. Dec. 19, 2022) (Rutherford, J.) (awarding attorney's fees associated with discovery failures), *adopted by* 2023 WL 1787162 (N.D. Tex. Feb. 6, 2023) (Lynn, J.). Accordingly, the Court should also order Defendants to pay Plaintiff's reasonable attorney's fees and costs associated with Defendants' discovery failures.[1]

### *Recommendation*

Defendants have failed to comply with Court orders and participate in this case since the District Judge allowed their counsel to withdraw. Therefore, the Court should **GRANT** Plaintiff's request and **DIRECT** the Clerk to **STRIKE** Defendants 3CS2 LLC d/b/a The Back Porch and Ken Strickler's Answer (ECF No. 14) and **ENTER** default against both Defendants. The Court should also **GRANT** Plaintiff leave to seek an award of attorney's fees and costs.

---

[1] To recover attorney's fees and costs, Plaintiff's counsel must file an application establishing the amount of the reasonable attorney's fees and costs to be awarded. The fee application must be supported by documentation evidencing the "lodestar" calculation, including affidavits and detailed billing records, and citations to relevant authorities and must set forth the itemized number of hours expended in connection with the recoverable attorney's fees described above as well as the reasonable rate(s) requested. *See generally Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002). The application may also include a request for recovery of the fees incurred in preparing and filing the fee application itself.

**SO RECOMMENDED.**

January 12, 2026.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

11