IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LILLYANA RODRIGUEZ,<br>on behalf of herself and<br>all others similarly situated,<br><br>　　　Plaintiffs,<br><br>v.<br><br>3CS2 LLC d/b/a THE BACK<br>PORCH and KEN STRICKLER,<br><br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 3:25-cv-00693-B-BT |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Following a January 6, 2026, hearing on Plaintiff Lillyana Rodriguez's (1) Motion to Compel Written Discovery Responses (ECF No. 19), (2) Motion to Compel Deposition and for Sanctions Due to Deponent's Failure to Appear (ECF No. 22), and (3) Motion to Extend Scheduling Order Deadlines (ECF No. 24) (collectively, the "Discovery Motions"), the Court granted Plaintiff Lillyana Rodriguez's request to strike Defendants 3CS2 LLC d/b/a The Back Porch and Ken Strickler's Answer as a sanction for their failure to participate in this case and ordered Plaintiff to file an application establishing the amount of the reasonable attorney's fees and costs to be awarded. *See* Findings, Conclusions, and Recommendation at 1, 9–10 (FCR) (ECF No. 36); Order Accepting (ECF No. 38); J. (ECF No. 40). Plaintiff filed an Application for Legal Fees and Costs (the "Application") (ECF No. 47) seeking attorney's fees in the amount of $18,252.00;

1

costs in the amount of $916.66; and post-judgment interest. Defendants did not file a response, and their deadline to do so has passed. For the following reasons, the Court **GRANTS IN PART** Plaintiff's Application and awards Plaintiff $18,252.00 in attorney's fees and $916.66 in costs under Federal Rule of Civil Procedure 37(a)(5)(A) and (d)(3).

### Attorney's Fees

"Reasonable attorneys' fees are determined through a two-step process." *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 415 (5th Cir. 2022). First, the court calculates the lodestar, which is "the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.* (quoting *Combs v. City of Huntington*, 829 F.3d 388, 392 (5th Cir. 2016)). The party seeking reimbursement of attorney's fees—here Plaintiff—bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court uses this time as a benchmark and then excludes any time that is excessive, duplicative, unnecessary, or inadequately documented. *Id.* The hours remaining are those reasonably expended, and "[t]he lodestar is presumed reasonable[.]" *Fessler*, 23 F.4th at 415. Then, after calculating the lodestar, the court may adjust the amount of attorney's fees based on "the relative weights of the twelve factors set forth" in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974). *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (quoting *Saizan v. Delta Concrete Prods. Co.*,

448 F.3d 795, 800 (5th Cir. 2006)). Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins, 7 F.3d at 457*. And "once calculated, the party seeking modification of the lodestar under the *Johnson* factors bears the burden." *Fessler, 23 F.4th at 416*.

In the Application, Plaintiff requests that $18,252.00 be awarded to her for "reasonable and necessary" legal services "requesting written discovery supplementation from Defendants, attending the noticed Rule 30(b)(6) deposition, preparing the Motions to Compel (Dkt. Nos. 19 & 22), complying with a Court Order concerning the hearing on the Motions to Compel (Dkt. No. 31), attending the hearing on the Motions to Compel, and in connection with the underlying [Application]." Pl.'s App., Decl., Ex. 1 at 9–10, ¶ 25 (ECF No. 48). She supports her Application with the declaration of Allen R. Vaught, who is the owner of Vaught Firm, LLC and Plaintiff's counsel in this case. *See generally id.*, Decl., Ex. 1. Vaught states that he has been licensed to practice law in Texas since 1998 and he "ha[s] over 27 years of experience as a licensed attorney in Texas." *Id.* at 1, 8–9, ¶¶ 3, 24. He also states that his experience in employment law is demonstrated by published articles and numerous cases in class action lawsuits in which he was counsel. *Id.* at 5–9, ¶¶ 20–21, 24. His rate is $520 an hour, which Vaught states "is a reasonable and customary rate for [his] employment law legal services in and around Dallas County, Texas." *Id.* at 8, ¶ 24.

Defendants did not object or offer any evidence to controvert Vaught's declaration. And considering Vaught's experience and the local market rates, the

Court finds that his hourly rate of $520 is reasonable. *See Vanliner Ins. Co. v. DerMargosian*, 2014 WL 1632181, at \*2 (N.D. Tex. Apr. 24, 2014) (Fitzwater, J.) (noting that the Court is an expert on the reasonableness of attorney's fees); *McIntyre v. Collin Bryan Constr. LLC*, 2023 WL 3259754, at \*9 (N.D. Tex. Apr. 19, 2023) (Horan J.) (finding that Vaught's requested hourly billing rate of $500 was reasonable "given Dallas area market rates for attorneys with similar experience"), *adopted by* 2023 WL 3259493 (N.D. Tex. May 4, 2023) (Kinkeade, J.).

A table detailing the number of hours worked shows that Vaught spent 39 hours on the matters concerning Plaintiff's Discovery Motions. Pl.'s App., Decl., Ex. 1 at 10–12 (ECF No. 48). Vaught explains that he exercised billing discretion by "reduc[ing] the hours he seeks for his lodestar by 10% (*i.e.*, a 3.9 hour reduction)[.]" Appl. at 6–7 (ECF No. 47); *see also* Pl.'s App., Decl., Ex. 1 at 10, ¶ 25 (ECF No. 48) ("I exercised proper billing judgment in rendering those legal services . . . [by] reduc[ing] my hours in this case by 10%[.]"). And the table provided by Vaught shows that he reduced his billed hours by 10%, resulting in 35.10 expended hours. Pl.'s App., Decl., Ex. 1 at 11 (ECF No. 48). Defendants did not object to the reasonableness of the hours. The Court finds that the 35.10 hours billed by Vaught have been reasonably spent on the tasks identified and necessary for Plaintiff's successful Discovery Motions. *Hoffman v. L&M Arts*, 2015 WL 3999171, at \*5 (N.D. Tex. July 1, 2015) (Fitzwater, J.) (finding that voluntary discount of requested hours by 10% demonstrated billing judgment).

4

Accordingly, based on the Application and supporting documents, the Court finds the appropriate lodestar here to be calculated as a total fee of $18,252.00 for a total of 35.10 hours of performed by attorney Allen R. Vaught at an hourly rate of $520.

Plaintiff does not seek an enhancement of the attorney's fees, and there are no other exceptional circumstances warranting an adjustment of the requested fees. The Court has also considered the *Johnson* factors and finds that none of them weigh in favor of modifying the lodestar. *See EEOC v. Agro Distrib., LLC, 555 F.3d 462, 473 (5th Cir. 2009)* ("The district court need not specifically discuss the *Johnson* factors where it has applied the *Johnson* framework.").

*Costs*

Plaintiff next requests to recover $916.66 in costs for postage, a court reporter, Secretary of State research fees, and process servers. Rule 37 requires the Court to award "reasonable expenses" in connection with certain discovery violations. *See* Fed. R. Civ. P. 37(a)(5)(A) (allowing recovery of "reasonable expenses" when a court grants a motion to compel), (d)(3) (allowing recovery of "reasonable expenses" when party fails to appear for its deposition). "When a court imposes monetary sanctions under Rule 37, it is not limited to the taxable costs enumerated in 28 U.S.C. § 1920." *Kleiman v. Wright*, 2020 WL 1980601, at *7 (S.D. Fla. Mar. 17, 2020). The Court finds that Plaintiff's $916.66 in costs are reasonable and necessary expenses incurred while litigating the Discovery Motions.

5

Plaintiff incurred $441.73 in reporting services for Defendant 3CS2 LLC d/b/a the Back Porch's Rule 30(b)(6) deposition, which Defendant did not appear for. Pl.'s App., Decl., Ex. 1 at 14 (ECF No. 48); *see also id.*, Ex. 1C (invoice for reporting services). "If a party fails to attend a deposition, the court 'shall' order that party to pay the opposing party's expenses unless the failure to attend was 'substantially justified.'" *Barnes v. Madison*, 79 F. App'x 691, 707 (5th Cir. 2003) (per curiam) (citing Fed. R. Civ. P. 37(d)). As the Court previously determined, Defendant's failure to appear at the Rule 30(b)(6) deposition was not substantially justified. *See* FCR at 9–10 (ECF No. 36). Therefore, the Court awards Plaintiff's $441.73 in costs associated with the Rule 30(b)(6) deposition. *See Abram v. Ashland Servs., LLC*, 2016 WL 7116018, at *2 (E.D. La. Dec. 7, 2016) (awarding opposing party's expenses when the non-appearing party did not oppose the motion to compel deposition and offered no reason for the failure to appear).

Further, Plaintiff incurred additional costs that she would not have otherwise incurred due to Defendants' unresponsiveness and failure to cooperate in the discovery process. *See Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 516 (5th Cir. 1985) ("[A] party may be personally liable for reasonable expenses . . . caused by the failure to comply with a discovery order.") (emphasis omitted). Pursuant to the Court's Order, Plaintiff used her best efforts to effect personal service of the Court's Order Setting Hearing on Defendants. *See* Order at 2 (ECF No. 31) ("The Court further **ORDERS** Plaintiff's counsel to use his best efforts to effect personal service of this Order on Defendants. Plaintiff's counsel

shall file proof of service of this Order on Defendants with the Court.") (emphasis in original). Defendants' documented and repeated instances of unresponsiveness necessitated the Court's Order and Plaintiff's efforts. Therefore, the Court finds that Plaintiff should be awarded $474.93 in the costs associated with Plaintiff's attempts to effect service of the Court's Order Setting Hearing on Defendants.

*Post-Judgment Interest*

Plaintiff also requests that the Court award post-judgment interest associated with the award of attorney's fees and costs. In support of her request, she cites *Taser v. Int'l, Inc. v. Phazzer Elecs., Inc.,* 2025 WL 2396756, at \*15 (M.D. Fla. June 26, 2025). However, *Taser* relied on 28 U.S.C. § 1961(a) to issue post-judgment interest in connection with a sanction order as the court had "directed the entry of various judgments as to the claims" at issue and various monetary judgments. *Taser,* 2025 WL 2396756, at \*1–3, 15. Although the Court entered a Judgment (ECF No. 40) directing the Clerk of Court to strike Defendants' Answer and enter default against both Defendants, the Court has yet to issue a determination on Plaintiff's Motion for Default Judgment (ECF No. 58). Therefore, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's request for post-judgment interest in connection with the Discovery Motions. However, Plaintiff may re-urge the issue of post-judgment interest after a final judgment is entered in this case.

*Conclusion*

For the foregoing reasons, the Court **GRANTS IN PART** Plaintiff's Application for Legal Fees and Costs (ECF No. 47). The Court awards Plaintiff $18,252.00 in attorney's fees and $916.66 in costs under Federal Rule of Civil Procedure 37(a)(5)(A) and (d)(3) to be paid, jointly and severally, by Defendants by **August 14, 2026.** However, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's request for post-judgment interest at this stage of the proceeding.

**SIGNED** July 16, 2026.

_____
HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

8